```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
JEFFREY S. YAGER, M.D. d/b/a YAGER      :
ESTHETICS/ESTETICA,                     :
                        Plaintiff,      :    16cv9367(DLC)
                                        :
            -v-                         :    OPINION AND ORDER
                                        :
ITALIA VIGNIERI and TS COSMETIC SURGERY :
& SKIN CLINIC SPA,                      :
                        Defendants.     :
                                        :
----------------------------------------X
```

APPEARANCES:

For the Plaintiff:
Richard M. Mahon, II
Lia E. Fierro
Catania, Mahon, Milligram & Rider, PLLC
One Corwin Court
Newburgh, New York 12550

For Defendant Italia Vignieri:
Nicole J. Coward
Comrie & Coward LLP
148 South Long Beach Avenue
Freeport, New York 11520

DENISE COTE, District Judge:

Jeffrey S. Yager, M.D. d/b/a Yager Esthetics/Estetica ("Yager") brought this action against Italia Vignieri ("Vignieri"), asserting that Vignieri appropriated his trade secrets and is using them for the benefit of her competing business. Each party has now moved for summary judgment. Vignieri asserts that this Court lacks subject matter

jurisdiction over the case.[1]  Yager argues that partial summary judgment is appropriate on his claim under the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836(b).  For the following reasons, both motions are denied.

## BACKGROUND

The following facts are undisputed, except where noted. Yager operates a plastic surgery practice in New York City, which serves patients from at least New York and New Jersey. Vignieri began working for Yager in 2011, principally to help market Dr. Yager's practice.  Vignieri sometimes would work at Yager's office, but primarily worked from home.  During the course of her association with Yager, Vignieri e-mailed many work documents from her Yager work e-mail account, italia@dryager.com, to personal e-mail accounts under her control.  Vignieri claims that she did this to enable her to work from home, as Yager's systems were not set up to provide her with remote access.  According to Yager, some of the documents Vignieri was e-mailing contained his trade secrets, such as his patient list, which Vignieri was not authorized to e-mail.  In 2015 or early 2016, while still affiliated with

---

[1] A September 13, 2017 Order denied Vignieri a <u>nunc pro tunc</u> extension of the deadline to file her motion for summary judgment, except for the portion of her motion addressing subject matter jurisdiction.  Her motion is being considered only to that extent.

2

Yager, Vignieri became involved with a business called "TS Skin Clinic Spa." According to Yager, Vignieri used and is using his trade secrets for the benefit of her new venture.

Importantly for Yager's motion, however, of the e-mails he claims contained his trade secrets, only two of them were sent after May 11, 2016, the effective date of the DTSA. On May 31, 2016, Vignieri e-mailed a file called "Patient Email Export 9.10.14.csv" from her work e-mail account, italia@dryager.com, to that same account, italia@dryager.com. She did this again on July 19, 2016.

Yager filed the instant action on December 5, 2016, asserting a claim under the DTSA as well as related state law claims. On April 6, 2017, Yager amended his complaint to add TS Cosmetic Surgery & Skin Clinic Spa ("TS Cosmetic") as a defendant. Yager claims that Vignieri was instrumental in the creation and operation of TS Cosmetic, and that TS Cosmetic is using his trade secrets. TS Cosmetic has not answered, the Clerk has entered a certificate of default, and a default hearing is scheduled for October 27, 2017.

Yager filed his motion for summary judgment on September 8, 2017. It became fully submitted on September 29, 2017. Vignieri's motion became fully submitted that same day.

**DISCUSSION**

**I.   Subject Matter Jurisdiction**

Vignieri asserts that this Court does not have subject matter jurisdiction over Yager's suit for lack of a federal question.

> For the purpose of determining whether a district court has federal question jurisdiction pursuant to Article III and 28 U.S.C. § 1331, the jurisdictional inquiry depends entirely upon the allegations in the complaint and asks whether the claim as stated in the complaint arises under the Constitution or laws of the United States.

<u>Southern New England Telephone Co. v. Global NAPs Inc.</u>, 624 F.3d 123, 132 (2d Cir. 2010) (citation omitted).  Provided that it does, the court has jurisdiction unless "the purported federal claim is clearly immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous."  <u>Id.</u> (citation omitted.)

Subject matter jurisdiction exists here.  The DTSA provides a federal cause of action for "an owner of a trade secret that is misappropriated . . . if the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce."  18 U.S.C. § 1836(b)(1).  The amended complaint invokes this cause of action, and thus arises under the laws of the United States.  Nor is it frivolous.  Yager's position that the DTSA covers trade secrets related to his plastic surgery practice, which he contends serves clients in

4

interstate commerce, is at least colorable.

Vignieri contends that Yager's trade secrets do not "relate to a product or service used in, or intended for use in, interstate or foreign commerce," thus depriving this Court of subject matter jurisdiction. 18 U.S.C. § 1836(b)(1). For the reasons stated above, that argument does not implicate subject matter jurisdiction. It is also unpersuasive on its merits, because Yager's plastic surgery practice provides "service[s] used . . . in interstate commerce." At least some of Dr. Yager's patients travel from New Jersey into New York to use his services, and therefore those services are used in interstate commerce. Cf. Patsy's Italian Restaurant, Inc. v. Banas, 658 F.3d 254, 268 (2d Cir. 2011) (provision of restaurant services to interstate customers sufficient to show that services were "rendered in [interstate] commerce" for purposes of the Lanham Act). This interpretation of the DTSA is particularly appropriate because, as the Second Circuit has recognized, Congress specifically crafted the commerce language in the DTSA to "reach broadly in protecting against the theft of trade secrets." United States v. Agrawal, 726 F.3d 235, 244 n.7 (2d Cir. 2013). Therefore, Vignieri's motion to dismiss is denied.

**II. Yager's DTSA Claim**

Yager asserts that he is entitled to summary judgment on

liability for his claim under the DTSA.  Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Yager bears the burden of demonstrating the absence of a material factual question, and, in making this determination, all the facts are viewed in the light most favorable to Vignieri and all reasonable inferences are drawn in Vignieri's favor.  See Eastman Kodak Co. v. Image Technical Servs., 504 U.S. 451 456 (1992); Holcomb v. Iona Coll., 521 F.3d 130, 132 (2d Cir. 2008).

The DTSA provides a remedy for the owner of a trade secret that is "misappropriated."  "Misappropriation" is defined to mean either "acquisition of a trade secret by a person who knows or has reason to know that the trade secret was acquired by improper means," or "disclosure or use of a trade secret of another without express or implied consent," in specified circumstances.  18 U.S.C. § 1839(5).  "Improper means" is defined to include "theft, bribery, misrepresentation, breach or inducement of a breach of duty to maintain secrecy, or espionage through electronic or other means," and to exclude "reverse engineering, independent derivation, or any other lawful means of acquisition."  18 U.S.C. § 1839(6).  The statute only applies to conduct occurring on or after its effective date, May 11, 2016.  See Pub. L. 114-153, set out in the notes following 18

U.S.C. § 1836 (DTSA "applicable with respect to any misappropriation of a trade secret . . . for which any act occurs on or after May 11, 2016.").

There is a question of fact regarding whether any of Yager's putative trade secrets were improperly acquired or disclosed on or after May 11, 2016. This precludes summary judgment. Yager's motion focuses on whether Vignieri "acquired" a trade secret, as that term is defined under 18 U.S.C. § 1839(5)(A), and not whether any acquisition occurred after the statute's effective date. There are only two alleged "acquisitions" occurring on or after May 11, 2016.

Yager has not adequately shown how Vignieri's conduct on those two particular occasions amounted to acquisition via "improper means." On neither occasion were the files at issue sent to Vignieri's personal e-mail accounts; they apparently remained on Yager's computer systems. Yager's briefing fails to meaningfully address this particular activity. As a result, there are fact questions remaining, including the reasons why Vignieri sent these two e-mails and whether, given her explanation, these e-mails amounted to a breach of a duty of secrecy. Those questions cannot be resolved on the present record. Therefore, Yager's motion is also denied.

7

**CONCLUSION**

Yager's September 8, 2017 motion for summary judgment and Vignieri's September 9, 2017 motion for summary judgment are denied.

Dated:   New York, New York
         October 12, 2017

```
                              DENISE COTE
                     United States District Judge
```